IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCHEVONNE BLUITT-HECHAVARRIA, | § § § § § | |
| Plaintiff, | § | |
| v. | § | No. 3:21-cv-01880-S-BT |
| | § | |
| RANDALL'S FOOD & DRUG d/b/a TOM THUMB, | § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Randall's Food & Drug d/b/a Tom Thumb's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 (ECF No. 59) and Brief in Support (ECF No. 60). For the following reasons, the District Court should GRANT Defendant's Motion and DISMISS all of Plaintiff's claims with prejudice.

**Background**

Plaintiff Schevonne Bluitt-Hechavarria (Hechavarria) brings this removed negligence action arising out of an alleged work injury against her employer Defendant Tom Thumb. In her Amended Complaint (ECF No. 15), which is the live pleading, Hechavarria alleges she suffered injuries while stocking the produce section at one of Defendant's grocery stores, specifically as she moved heavy pallets loaded with corn and lifted the corn

1

onto smaller carts. She alleges that Tom Thumb failed to maintain a safe work environment by failing to adequately train its employees or provide proper equipment. *See generally* Am. Compl. (ECF No. 15).[1] Tom Thumb denies any liability and contends, among other things, that any injuries Hechavarria suffered were not foreseeable to Tom Thumb and that Hechavarria's own acts or omissions were the sole proximate cause of her alleged injuries. *See* Answer (ECF No. 18).

Since she filed her lawsuit, Hechavarria has failed to meaningfully participate in the discovery process. For example, Hechavarria abruptly left her deposition on March 8, 2022, before Tom Thumb's counsel finished asking her questions. Mot. Withdraw ¶ 1 (ECF No. 27). She then refused to schedule another deposition. *Id*. The Court granted Hechavarria's attorney's Motion to Withdraw as Counsel for good cause because Hechavarria "refuses to cooperate in the completion of her deposition testimony." *Id*.

Following counsel's withdrawal, the Court granted Tom Thumb's Motion to Compel and ordered Hechavarria to resume her deposition on May 25, 2022. *See* Order Granting Mot. Compel Pl.'s Dep. (ECF No. 32). The

---

[1] In her state court petition, Hechavarria asserted a premises liability claim. *See* Notice of Removal 14, Ex. A. However, she abandoned that claim when she filed an amended complaint that does not allege premises liability. *See Stroud v. Meister*, 2001 WL 282764, at *9 (N.D. Tex. Mar. 16, 2001) (Lindsay, J.) (plaintiff abandoned breach of fiduciary duty claim in original complaint by not alleging claim in amended complaint, since "[the original] complaint is no longer the operative pleading[] . . . as the amended complaint replaced it").

Court's Order expressly warned Hechavarria that her failure to comply with the Order and attend her deposition could "result in sanctions under Federal Rule of Civil Procedure 37, including an order dismissing her lawsuit and requiring her to pay Tom Thumb's reasonable expenses caused by her failure." *Id.*

Despite this warning, Hechavarria did not appear on May 25 for the court-ordered deposition. First Mot. Dismiss 1 (ECF No. 37); Br. (ECF No. 38). Tom Thumb filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) and Rule 37 "based on [Hechavarria's] refusal to participate in the discovery process." First Mot. Dismiss 1 (ECF No. 37); Br. (ECF No. 38). After a hearing, the Court denied Tom Thumb's Motion to Dismiss but ordered Hechavarria to appear for a virtual deposition on or before September 26, 2022. *See* Disc. Order (ECF No. 46). In this Order, the Court also warned Hechavarria that if she failed to comply, "she will be subject to more serious sanctions—including the possibility of litigation-ending, death penalty sanctions." *Id.* at 3 (citing Fed. R. Civ. P. 16(f)).

On August 22, 2022, Tom Thumb emailed Hechavarria a Notice of Deposition (ECF No. 47) for Hechavarria's deposition to resume on August 31. *See* 2d Not, Ex. A (ECF No. 48). But on August 29, Hechavarria informed Tom Thumb that she was not available on the scheduled day. *See id.* The parties therefore agreed to reschedule the deposition for September 1, 2022. *See id.* at 1. On September 1, at 8:30 a.m., Hechavarria appeared for her

3

deposition but informed Tom Thumb's counsel that she was only available until 11:30 a.m. Br. 5 (ECF No. 52). Because defense counsel did not believe there was enough time to complete the deposition in three hours, they rescheduled for September 7. *Id.*; *see* 3rd Not. (ECF No. 49). On September 7, Hechavarria appeared at 8:30 a.m., but she ultimately refused to participate. Br. 6. Instead, she informed defense counsel's paralegal that counsel should no longer speak to her and that she filed a complaint against him with the State Bar. *Id.* at 7. Defense counsel requested a certificate of Non-Appearance to be entered regarding Hechavarria's failure to cooperate. *Id.*

Tom Thumb then filed a second Motion to Dismiss, again arguing that Hechavarria's case should be dismissed due to her failure to prosecute and failure to meaningfully participate in the discovery process. *See* Second Mot. Dismiss (ECF No. 51). In the alternative, Tom Thumb requested a "no-evidence summary judgment" arguing that "[t]hough Tom Thumb has not had a meaningful opportunity to complete discovery for the reasons stated in Tom Thumb's motion to dismiss, the same is not true for [Hechavarria]. Tom Thumb has timely responded to discovery requests and [Hechavarria] has had ample time to conduct discovery to try to elicit evidence in support of her claims. The simple fact is none exists." Br. 2 n.3 (ECF No. 52). Hechavarria filed a Response in which she asked the Court not to dismiss

her case and alleged that Tom Thumb's attorney has been "rude, very disrespectful, and mean." Resp. (ECF No. 56).

The Court granted Tom Thumb's second Motion to Dismiss in part. It ordered that Hechavarria is prohibited from supporting any of her claims on summary judgment with evidence not previously produced to Tom Thumb and directed Hechavarria to pay Tom Thumb $18,993.85 for reasonable litigation expenses, including attorney's fees, incurred as a result of her refusal to participate in discovery. Order (ECF No. 55). But the Court declined to consider Tom Thumb's alternative request for a "no-evidence summary judgment" and directed Tom Thumb to file a summary judgment motion under Federal Rule of Civil Procedure 56 no later than August 25, 2023. *Id.* at 8-10.

Accordingly, Tom Thumb filed the pending summary judgment motion, supported by the transcript of Hechavarria's March 8, 2022, deposition testimony. Mot. Summ. J. (ECF No. 59); Br. (ECF No. 60). Tom Thumb argues that no genuine issue of material fact exists as to Hechavarria's negligence claim and that it is entitled to judgment as a matter of law because Hechavarria has failed to produce any evidence on factual elements which she has the burden to prove. Hechavarria has not filed a response to the motion, and her time for doing so has expired. *See* N.D. Tex. L. Civ. R. 7.1(e).

## Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant's burden can also be satisfied by submitting evidence into the record that affirmatively disproves an element of the nonmoving party's case. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 153 (1970). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (first citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); and then citing Fed. R. Civ. P. 56(e)).

The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL

6

6093327, at *2 (N.D. Tex. Oct. 18, 2016) (Lindsay, J.) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (first citing *Ragas*, 136 F.3d at 458; and then citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

The fact that a litigant is proceeding *pro se* in a particular case—as Hechavarria is here—does not alter these principles. *See Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[T]his is not to say that *pro se* plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.").

## Analysis

In addition to her failure to participate in discovery, Hechavarria did not respond to Tom Thumb's Motion for Summary Judgment. While such a failure does not permit the court to enter a "default" summary judgment, a court is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Normally, "[a] summary judgment nonmovant who does not

7

respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In this case, the only competent summary judgment evidence before the Court is the transcript of Hechavarria's deposition testimony. The Court may consider this evidence as undisputed.

    I.    Tom Thumb is entitled to summary judgment on Hechavarria's negligence claim.

Hechavarria claims Tom Thumb was negligent in failing to maintain a safe work environment for its employees. Specifically, she brings a negligence claim against Tom Thumb based on two theories: (1) Tom Thumb "fail[ed] to provide proper equipment and tools for its employees for the purpose of moving heavy pallets[;]" and (2) "Defendant failed to eliminate or reduce the risk by not adequately training its employees, agents and servants in proper transportation of heavy pallets[.]."[2] Am. Compl. ¶ 15 (ECF No. 15).

---

[2] Hechavarria alleges—in conclusory fashion—a long list of purported duties Tom Thumb breached, such as violating certain OHSA standards and failing to supervise employees. *See* Am. Compl. ¶ 19. But the only specific factual allegations in Plaintiff's Amended Complaint relate to Tom Thumb's failure to provide equipment and to properly train employees. More importantly, Hechavarria does not provide any evidence that Tom Thumb violated any OSHA standard or other duty.

When a court exercises diversity jurisdiction, as it does here, it is "bound to apply the law as would a Texas Court." *Charalambopoulos v. Grammer*, 2017 WL 606639, at *12 (N.D. Tex. Feb. 15, 2017) (Fitzwater, J.) (citing *Eerie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). To prevail on a negligence claim under Texas law, "a plaintiff must prove: '(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately caused by the breach." *Bell v. Marmaxx Operating Corp*, 2021 WL 5505561, at *1 (N.D. Tex. Nov. 23, 2021) (Starr, J.) (citing *Gann v. Anheuser-Busch, Inc.*, 394 S.W.3d 83, 88 (Tex. App.—El Paso, 2012, no pet.)). Hechavarria fails to produce evidence for any of these elements.

1) Legal Duty

"Under Texas law, an employer has a duty to 'provide needed safety equipment' to employees." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 329 (5th Cir. 2017) (citing *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263, 265 (Tex. 1974) ("[T]he employer [has a duty] to furnish equipment adequate to enable an employee safely to do a job[.]")). "However, employers have 'no duty to provide equipment or assistance that is unnecessary to the job's safe performance.'" *Id.* (citing *Elwood*, 197 S.W.3d at 795). Texas courts consider several factors in determining whether a piece of equipment or other instrumentality is unnecessary for the safe performance of an employee's job, including whether: "(1) the employee had never requested the

9

instrumentality in question; (2) the employee had not complained that the task she was performing was unsafe; (3) the employee had safely performed the task in the past without injury; (4) there was no evidence that the instrumentality 'was commonly used in, or had been established by industry standards or customs as a safety measure for' her job; (5) there was no evidence that 'a reasonably prudent employer would have provided such instrumentality'; and (6) there was no medical evidence that the instrumentality would have prevented the employee's injury." *Id.* (citing *Allsup's Convenience Stores, Inc. v. Warren*, 934 S.W.2d 433, 437 (Tex. App.—Amarillo 1996, writ denied).

Here, Tom Thumb points to the lack of evidence in the record establishing a genuine dispute that Tom Thumb needed to provide certain equipment for Hechavarria to safely perform her job. Hechavarria does not point to any specific evidence to rebut Tom Thumb's contention. Thus, the Court should find that Tom Thumb has met its summary judgment burden and that there is an absence of evidence on this element which Hechavarria would have the burden of proving at trial.

Notably, Hechavarria did not testify at her deposition—or even allege in her Complaint—that some specific piece of equipment is necessary to safely load produce onto grocery store shelves. Without any evidence regarding a specific instrumentality, there can be no genuine dispute regarding most of the factors Texas courts consider to determine whether a

10

piece of equipment is unnecessary. Additionally, Hechavarria's deposition testimony provides some evidence that special equipment is not necessary to perform her job. Specifically, Hechavarria testified that she had been performing the task of loading produce every night for three weeks and that she had not been injured performing the task. *See* Br., Ex. A at 7 (ECF No. 60). This testimony speaks to the third factor of the relevant analysis and favors a finding that special equipment is unnecessary, and thus, Tom Thumb does not owe the duty required for Hechavarria to prevail on her negligence claim.

In addition to the duty to provide necessary equipment, "[a]n employer has a duty to adequately hire, train, and supervise employees." *Patino v. Complete Tire, Inc.*, 158 S.W.3d 655, 660 (Tex. App.—Dallas 2005, pet. denied) (citing *Allen v. A & T Transp. Co.*, 79 S.W.3d 65, 70 (Tex. App.—Texarkana 2002, pet. denied)). "As an offshoot of this duty, the employer is also required to instruct employees in the safe use and handling of products and equipment used in and around an employer's premises or facilities." *Id*. This duty to instruct "arises when: (a) the employment is of a dangerous character requiring skill and caution for its safe and proper discharge, and (b) the employer is aware of the danger and has reason to know the employee is unaware of the danger." *Id*. Here, Hechavarria has not produced any evidence showing that her job is dangerous or requires skill and caution. And such an assertion is contrary to Texas law. In Texas, "loading [groceries] [ ]

is a task performed regularly—without any special training or assistance—by customers throughout the grocery and retail industry." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 795 (Tex. 2006).

Further, "when an employee's injury results from performing the same character of work that employees in that position have always done, an employer is not liable if there is no evidence that the work is unusually precarious." *Id.* (citing *Werner v. Colwell*, 909 S.W.2d 866, 869 (Tex. 1995)). Hechavarria confirmed during her deposition that unloading produce from pallets onto carts was an "ordinary part of [her] job duties." Br., Ex. A at 6 (ECF No. 60). And she does not present any evidence that her job was hazardous.

In sum, the record is such that no rational jury could find for Hechavarria on the element of duty. There is no genuine dispute regarding whether Tom Thumb owed a duty to provide special equipment or additional training.

2) Proximate Cause

Hechavarria also fails to present any evidence that Tom Thumb's alleged negligence proximately caused her injuries and damages. To establish proximate cause under Texas law, a plaintiff must prove "cause in fact and foreseeability." *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex. 1996). In this case, there is no evidence to raise a genuine dispute that Tom Thumb's negligence was a cause in fact of her injuries. "The test for cause in

fact is whether the negligent act or omission was a substantial factor in bringing about the injury, without which the harm would not have occurred." *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 50 (Tex. App.—Fort Worth 2002, no pet.). And she does not present any evidence that her injury would not have occurred if Tom Thumb had provided additional equipment or training.

Nor does Hechavarria establish a genuine dispute exists as to whether her injuries were foreseeable as a result of Tom Thumb's alleged negligence. "Foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by the negligent act or omission." *Id.* (citing *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 549–50 (Tex. 1985)). Hechavarria does not provide any evidence showing that Tom Thumb should have anticipated her injury. In fact, when asked during her deposition whether "there [was] any reason for anyone at Tom Thumb to think that [she would] be hurt during [her] shift that day[,]" she answered "no." Br., Ex A at 8 (ECF No. 60).

   3) Damages

Finally, Hechavarria does not go beyond her pleadings and produce evidence of her alleged injuries and damages. For example, she alleges damages for reasonable past and future medical care expenses. Am. Compl. ¶ 22 (ECF No. 15). But she does not present any evidence to substantiate her allegations. "To recover for past medical expenses, a plaintiff must prove the

actual amount of the expenses incurred and that those expenses were reasonable and necessary." *Galvan v. Garcia*, 502 S.W.3d 382, 386 (Tex. App.—San Antonio 2016, no pet.). Hechavarria does not provide any evidence, such as billing records or expert medical testimony, regarding the amount of medical expenses she incurred and whether those expenses were reasonable.

    II.    Tom Thumb is entitled to summary judgment on Hechavarria's vicarious liability claims.

Hechavarria alleges that Tom Thumb is liable for the negligent acts of its employees. Am. Compl. ¶ 21 (ECF No. 15). "Under the common-law doctrine of respondeat superior, or vicarious liability, 'liability for one person's fault may be imputed to another who is himself entirely without fault solely because of the relationship between them.'" *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). The employer-employee relationship triggers this common-law doctrine; "an employer is vicariously liable for its employee's negligent acts if those acts are within the course and scope of his employment." *Id.*

But Hechavarria produces no evidence at all showing any underlying negligent act or omission committed by one of Tom Thumb's employees. To the extent she intends to allege that an employee was negligent for the same reasons Tom Thumb itself was negligent—for failing to provide equipment

14

and adequately train other employees—she fails to show that any genuine dispute exists for the same reasons explained above.

## Recommendation

The District Court should GRANT Tom Thumb's Motion for Summary Judgment (ECF No. 59) and DISMISS Hechavarria's claims with prejudice.

**SO RECOMMENDED.**

January 3, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).